UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                       Chapter 11

LANSDOWN ENTERTAINMENT CORP.                           Case No. 01-13592

                              Debtor.
-------------------------------------------------------------x

## ORDER APPROVING SALE OF ASSETS

        Upon the application (the "Application") of Lansdown Entertainment Corp. (the "Debtor"), for an order pursuant to § 363 of the Bankruptcy Code (the "Code") authorizing the Debtor to sell substantially all of its assets ("Assets") to Flatiron Entertainment, LLC (the "Purchaser"), free and clear of all liens claims and encumbrances, with any such liens claims and encumbrances to attach to the proceeds of the sale in the same order and priority as they attached to the Assets, subject to higher and/or better offers, and upon the hearing ("Hearing") of the Application on August 13, 2001, and after due deliberation and sufficient cause appearing therefor; it is

        HEREBY FOUND AND DETERMINED THAT:

        1.     This Court has jurisdiction over this matter under 28 U.S.C. sections 157 and 1334, and sections 363 and 365 of the Bankruptcy Code.

        2.     The Debtor has provided due and adequate notice of the Application, the auction and the Hearing, to all creditors and interested parties and no further notice is required.

3. The sale of the Debtor's Assets to the Purchaser reflects the Debtor's sound business judgment.

4. Approval the asset purchase agreement annexed to the Application ("Asset Purchase Agreement") is in the best interests of the Debtor, its creditors and estate. The Debtor has demonstrated good business judgment and sufficient justification under section 363(b) of the Bankruptcy Code, and for the assumption and assignment of the Debtor's real property lease ("Lease") with Mansion Realty LLC ("Landlord") under section 365 of the Bankruptcy Code.

5. The terms and conditions of the Asset Purchase Agreement are fair and reasonable, and the represent the highest and best offer for the Assets.

6. The Purchaser has provided the Landlord with adequate assurance of future performance under section 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code with respect to the Debtor's Lease.

7. The Asset Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arm's length bargaining positions. The Purchaser is a buyer in good faith of the Assets within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to the protections afforded thereby.

8. A reasonable opportunity to object or be heard has been provided to all interested parties and other entities, including (a) the Office of the United States Trustee for the Southern District of New York, (b) all of the creditors listed on the Debtor's Bankruptcy Petition, (c) the New York State Liquor Authority, (c) all parties who have filed a notice of appearance in this case, and (d) all entities with a known or believed interest in the proposed asset sale.

9. The Debtor, subject to the approval of this Court contained hereinbelow, has full power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby and to consummate the transactions contemplated thereunder.

10. The Transfer of the Assets and the assignment of the Lease to the Purchaser will vest the Purchaser with all right title and interest therein, free and clear of all liens claims and encumbrances, with any such liens claims and encumbrances to attach to the proceeds of the sale in the same order and priority as they attached to the Assets, as authorized by section 363(f) of the Bankruptcy Code.

NOW THEREFORE, IT IS:

ORDERED, that the Application be, and hereby is, granted; and it is further

ORDERED, that the terms and conditions of the Asset Purchase Agreement be, and hereby are, approved pursuant to sections 363(b) and 365 of the Bankruptcy Code, and the Debtor and the Purchaser are directed and authorized to take such actions as may be necessary to consummate and implement the Asset Purchase Agreement; and it is further

ORDERED, that pursuant to section 363(b) and 365 of the Bankruptcy Code, the Debtor is authorized and empowered to implement the Asset Purchase Agreement, and to take all actions necessary to convey the Assets to the Purchaser as required by the Asset Purchase Agreement; and it is further

ORDERED, that upon closing pursuant to 11 U.S.C. sections 105(a) and Bankruptcy Rule 6004(e), the Assets shall be transferred to the Purchaser free and clear of all liens claims and encumbrances of any kind or nature, with any such liens claims and encumbrances to attach to the proceeds of the sale in the same order and priority as they attached to the Assets; and it is further

ORDERED, that pursuant to section 365 of the Bankruptcy Code, and subject to the closing of the Asset Purchase Agreement, and assignment to the Purchaser, the Debtor's assumption of the Lease be, and it hereby is, approved, and the requirements of section 365 of the Bankruptcy Code are deemed satisfied with respect there to; and it is further

ORDERED, that the Purchaser is a purchaser in good faith of the Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code if this Order, or any authorization contained herein, is reversed or modified on appeal; and it is further

ORDERED, that the Asset Purchase Agreement and any related documents may be modified or supplemented by the parties thereto without further order of this Court, provided that any such modification or supplement is not material; and it is further

ORDERED, that the provisions of Federal Rules 6004(g) and (d) staying the effectiveness of this Order for ten (10) days are hereby waived, and this Order shall be effective immediately upon entry thereof; and it is further

ORDERED, that the Debtor's time pursuant to section 365(d)(4) to assume or reject the Lease is extended to the date of the closing and the assignment of the Lease to the Purchaser; and it is further

ORDERED, that the terms and provisions of this Asset Purchase Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon the Debtor, its estate and creditors, the Purchaser, its affiliates, successors and assigns and any affected third parties including, the Landlord, and persons asserting a claim against or interest in the Debtor's estate or any assets to be sold to the Purchaser pursuant to the Asset Purchase Agreement.  The Asset Purchase Agreement and the transactions contemplated thereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtor, or any Chapter 7 of Chapter 11 Trustee of the Debtor and its estate.

Dated: New York, New York
       September _18_, 2001

                                                */s/ Robert E. Gerber*
                                                UNITED STATES BANKRUPTCY JUDGE